## In re CHICAGO GREAT WESTERN R. CO.
### No. 58970.

District Court, N. D. Illinois, E. D.
Jan. 20, 1937.

Winston, Strawn & Shaw, of Chicago, Ill., for trustees.

Leo J. Hassenhauer, of Chicago, Ill., for certain Brotherhoods.

WOODWARD, District Judge.

This is a petition for instructions.

The Brotherhood of Railroad Trainmen, the Brotherhood of Locomotive Firemen and Enginemen, the Brotherhood of Locomotive Engineers, the Switchmen's Union of North America, and the Order of Railway Conductors have demanded of the trustees of the debtor corporation that they pay claims of certain of their employees, formerly employees of the debtor, based on three separate awards of the National Railroad Adjustment Board in proceedings known respectively as Dockets 2156, 2160, and 2161. · One claim—that of locomotive engineers employed at Kansas City—has never been presented to the board and no award has been made, but payment has been demanded on the supposed authority of the awards in Dockets 2156 and 2160. The aggregate of these claims, the petition states, is upward of $60,000. The trustees maintain that the claims are invalid and that the award of the board is void for various reasons set up in the petition and argued at length before the court.

In the view which this court takes, it is not necessary to, and the court does not, either pass upon or consider the validity or invalidity of the award of the board. That question is not before the court. It is not involved in this proceeding.

The several claims, except the claims of the locomotive engineers employed at Kansas City, were presented by the several Brotherhoods and Unions to the board and upon consideration thereof an award was made in the words "Claim Sustained." Thereafter the board ordered the debtor to pay to the employees the sums to which they were respectively entitled on or before a day fixed in the orders.

The trustees desire instructions as to whether or not they should pay the awards. As above noted, the validity of the awards is seriously and in good faith contested.

The course of conduct to be followed by the trustees seems to be obvious. The law under which the awards were made provides an orderly, expeditious, and simple procedure by which a money award (and this is a money award) may be enforced. The procedure prescribed by Congress, in the Railway Labor Act (as amended, 45 U.S.C.A. § 151 et seq.), in case a money award is not paid, is that of an orderly trial before and adjudication by a judicial tribunal of competent jurisdiction. Under section 3 (p) of the Railway Labor Act, as amended (45 U.S.C.A. § 153 (p), any employee aggrieved by the failure of the railroad to pay the award may institute suit to enforce the award in the federal district in which the principal operating office of the carrier is located, or in any district in which the carrier operates. Section 3 (p) further provides that the suit "shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated."

The section further provides that if the employee shall finally prevail, he shall be allowed a reasonable attorney's fee and that the court shall make such order or enter such judgment as might be appropriate to enforce or set aside the award.

Inasmuch as the debtor is now subject to the provisions of the Bankruptcy Act (11 U.S.C.A.), a further procedure is open to the employees. They may file the award as a claim against the debtor estate. An issue could then be made up and the validity of the award could be determined in the bankruptcy court.

It will thus be seen that Congress has been liberal in providing many courts of competent jurisdiction which may be invoked to enforce an award. Within the description of courts provided in section 3 (p), the employee may select his own tribunal.

The instruction of the court will be that the trustees refrain from paying the awards made by the National Railroad Adjustment Board in Dockets 2156, 2160, and 2161 unless and until they are established and adjudicated as valid by the final judgment or decree of a court of competent jurisdiction.

There is another matter which must be disposed of. Upon filing the petition, an order was entered on all parties in interest to answer the petition. The Broth-

erhood of Railroad Trainmen, the Brotherhood of Locomotive Firemen and Enginemen, the Brotherhood of Locomotive Engineers, the Order of Railway Conductors, and the Switchmen's Union of North America filed a joint motion to dismiss the petition. They did not answer the petion nor did they ask leave to intervene. They are not parties to the record, nor have they subjected themselves to the power of the court. The joint motion was improperly filed and will be stricken.