## CRIST v. PUBLIC BELT R. R. COMMISSION FOR CITY OF NEW ORLEANS.
### Civ. A. No. 2342.

United States District Court
E. D. Louisiana. New Orleans Division.
June 22, 1950.

104

Fred J. Cassibry, New Orleans, La., for plaintiff.

Michel Provosty, New Orleans, La., for defendant.

WRIGHT, District Judge.

### Findings of Fact

1. The plaintiff in this action is a railroad engineer employed by defendant railroad at present and continuously for the past twenty-six (26) years. The plaintiff has had no serious controversy with the defendant before this time, except for one instance some seventeen (17) years ago.

2. On or around February 22, 1945, at 1:10 P.M., the plaintiff was given oral instructions by his immediate supervisor, Mr. Henry Adams, who was the Assistant Yardmaster for the defendant company, to proceed to the Poydras Street Dock area and "dress up the yard", which was railroad parlance for switching both full and empty railroad cars to whatever location desired. Although cars of the United Fruit Company were in the area and Adams had received written instructions to move them first, these instructions were not passed on to Crist.

3. Crist, with his assistant, C. G. Winter, proceeded to the Poydras Street Dock area where he immediately began complying with his instructions.

4. At 3:30 P.M., on receiving a complaint from the United Fruit Company that its wharf at the Poydras Yard had not been serviced, defendant's yardmaster dispatched his assistant, Adams, to the yard to determine the reason the service had not been rendered.

5. A verbal altercation ensued, the details of which are clouded by the contradictory testimony of the participants, Crist and Adams. There were no other witnesses. The language of both Crist and Adams during the colloquy was undoubtedly sarcastic. Adams admits it was not abusive.

6. On February 23, 1945, the defendant charged Crist with "using abusive language to Adams" and after a hearing on the property of the defendant, Crist was given a five day suspension "for being insubordinate to Adams".

7. The evidence taken by the company at the hearing on the property was submitted to the National Railway Adjustment Board, and on February 10, 1948, a decision was rendered by the National Railway Adjustment Board sustaining the claim of Crist and ordering him paid for the time loss caused by the suspension.

8. The defendant railroad has refused to abide by the decision of the National Railway Adjustment Board.

### Conclusions of Law

1. This court has jurisdiction of this cause of action by virtue of 45 U.S.C.A. § 153(p).

2. This case, being in the nature of an appeal from the findings of the National Railway Adjustment Board, is tried "de novo" in the district court. Order of Sleeping Car Conductors v. Pullman Co., D.C., 47 F.Supp. 599; Dahlberg v. Pittsburgh L. E. R. Co., 3 Cir., 138 F.2d 121. But the record of such a hearing before the National Railway Adjustment Board serves as "prima facie evidence of the facts therein stated". 45 U.S.C.A. § 153(p); In re Chicago Great Western R. R. Co., D.C.,

17 F.Supp. 932. Further, the courts recognize that the findings of the Board are entitled to respect. Southern Pacific Co. v. Joint Council Dining Car Employees, 9 Cir., 1947, 165 F.2d 26, certiorari denied 333 U.S. 838, 68 S.Ct. 608, 92 L.Ed. 1122.

 3. The charge "using abusive language" on February 23, 1945 and the suspension for "insubordination" of March 17, 1945 were not supported by the testimony taken at the trial.

4. There was no justification under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., for the suspension of the plaintiff by the defendant.

Let the plaintiff prepare a judgment in accordance with these findings.