### WALL v. THOMAS et al.

#### (Circuit Court, S. D. New York. March 4, 1890.)

**FEDERAL COURTS—PARTIES—TRUSTS—ACTIONS AGAINST TRUSTEES.**

Notwithstanding the provision of Rev. St. U. S. § 737, that where there are several defendants, some of whom are not found in the district and do not appear, the court may proceed to trial between the parties properly before it, but the decree shall not prejudice those not served or not appearing, the court cannot proceed to final decree in a suit by a beneficiary against four of nine trustees of an unincorporated association, charging an abuse of their powers, and seeking to restrain an alleged attempt to wind up the trust.

In Equity.     On motion for injunction.

Rev. St. U. S. § 737, is as follows: "When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process, nor voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

*Strong & Mathewson*, for complainant.

*Sullivan & Cromwell*, for defendants.

WALLACE, J.     The amendments to this bill, made since the hearing of the motion for an injunction, eliminate from the case the question whether the requisite diversity of citizenship to give this court jurisdiction exists between the parties.     In its present form, the bill is one brought by a citizen and resident of Virginia against four defendants, who are citizens and residents of this state.     The defendants are four of the trustees of the American Cotton Oil Trust, an unincorporated association, possessing property of large value, situate in several states, the

title and management of which is vested in nine trustees, having powers and duties defined by a trust agreement. The trust was constituted by the owners of various business concerns who desired to consolidate their properties under one management. The agreement placed the title to the properties in the trustees, and authorized them to carry on the business of these concerns, and distribute the dividends arising therefrom according to the interests of the beneficiaries, as represented by certificates showing their respective interests. The complainant is a certificate holder, and alleges in his bill that the trustees have wasted large sums of money by extravagant and corrupt management; that in other respects they have abused and disregarded the trust agreement; and that they are now threatening to dissolve and wind up the trust, in violation of the terms of the agreement. The prayer of the bill is that the defendants, as trustees and individually, be restrained from dissolving or winding up the trust, or from disposing of any of the property or assets of the trust with that view, or with a view to a new reorganization of the association.

Upon the present bill, the only question for consideration at this time is whether the court has jurisdiction to proceed to a decree in a suit brought against four of nine trustees by a beneficiary who has an interest in the trust fund, in which the trustees are charged with an abuse of their powers, and the relief sought is that the defendants be restrained from doing specified acts in alleged violation of the authorized powers of the trustees. If the five trustees not sued are indispensable parties to the controversy, the court cannot proceed until they are brought in, and should refuse a preliminary injunction. They are indispensable parties if their interest in the subject-matter of the suit, and the relief sought, are such that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. If the suit were brought to charge the defendants merely with personal liability for their fraudulent acts, it would be free from difficulty. The rule is well settled that in such a case a *cestui que trust* may join all the trustees who have participated in the fraudulent acts of which he complains, or may proceed against one or more of them severally at his election. The right of action in such a case arises *ex delicto*, and in equity, as well as at law, the tort may be treated as several or joint, at the election of the injured party. Such a case supplies an exception to the rule that, in a suit against trustees, all of the trustees must be made parties. *Boyd* v. *Gill*, 19 Fed. Rep. 145; *Cunningham* v. *Pell*, 5 Paige, 607; *Heath* v. *Railway Co.*, 8 Blatchf. 347; *Franco* v. *Franco*, 3 Ves. 75; *Wilkinson* v. *Parry*, 4 Russ. 272.

The object of the present suit, however, is to restrain the defendants from participating in acts which they and their co-trustees are about to perform. If the defendants are enjoined, their co-trustees will to that extent be crippled, and may be wholly prevented from doing what they propose. What is proposed to be done may be lawful and authorized, and indeed essential to the protection of the great interests with the

management of which the trustees are charged. It is not enough that, according to the averments of the bill, these things are unauthorized, and a breach of trust, because the absent trustees have a right to be heard before these averments are taken as true against them; and they cannot be assumed to be true as the basis for a decree until all those who have a right to challenge them have been given an opportunity to do so. A contrary rule would put it in the power of a minority of unfaithful trustees, by collusion with a beneficiary whose interests might not lie with those of other beneficiaries, to defeat the performance of legitimate and exigent official duties by faithful trustees.

Section 737 of the United States Revised Statutes does not affect the question. Notwithstanding that provision, the court can make no decree affecting the rights of an absent person, and none between the parties before it which so far involves and depends upon the rights of an absent person that complete and final justice cannot be done between the parties present without affecting those rights. *Shields* v. *Barrow*, 17 How. 130. If it were adjudged in this suit that the defendants have been guilty of a breach of trust, and that what they propose to do is a violation of the trust agreement, it might also be adjudged, in another suit brought against the absent trustees, that the present defendants were guilty of a breach of duty in refusing to co-operate with their co-trustees in the transactions contemplated. And if a suit were to be brought by those not parties here, against the present defendants, to charge them with liability because of their failure to perform their duty, the decree in the present suit would not protect them. Succinctly stated, the court is called upon to adjudge, not only that the defendants have abused their trust, but also that the absent trustees have done so, and to decree that what the absent trustees propose to do is unauthorized and unlawful. While the absent trustees would not be bound by such a decree, it could not be made without embarrassing and perhaps defeating their contemplated action, because it would deprive them of the co-operation of their co-trustees. The language of the court in *Barney* v. *Baltimore City*, 6 Wall. 280, 285, is applicable: "If a decree is made which is intended to bind them, it is manifestly unjust to do this when they are not parties to the suit, and have no opportunity to be heard. But, as the decree cannot bind them, the court cannot for that very reason afford the relief asked to the other parties." It is obvious that the relief now sought is of no sort of utility or value, except to the extent that it will operate upon the proceedings of the absent trustees. If, notwithstanding an injunction restraining the defendants from taking the action contemplated, the other trustees are competent to take it without the assistance of the defendants, the complainant will get nothing by the injunction. On the other hand, if such an injunction would prevent the absent trustees from taking the contemplated action, it should not be granted without giving them an opportunity to be heard. The suit is an attempt, by indirection, to control the management of a trust fund without giving some of those who are charged with the duty of managing it a right to be heard. The motion is denied.