Leo J. Hassenauer, of Chicago, Ill., and Shea & Hoyt, of Milwaukee, Wis., for plaintiffs.

J. Gilbert Hardgrove, of Milwaukee, Wis., and Kenneth F. Burgess and Howard Neitzert, both of Chicago, Ill., for defendant.

---

## ORDER OF SLEEPING CAR CONDUCTORS et al. v. PULLMAN CO.

### No. 616.

District Court, E. D. Wisconsin.

Nov. 18, 1942.

DUFFY, District Judge.

A pretrial conference was held to determine among other things whether the issues in this action might be narrowed and simplified. Counsel for the parties expressed a decided difference of opinion as to the scope of the trial. It is apparent these questions should be determined prior to the commencement of the trial.

This is an action under 45 U.S.C.A. § 151 et seq., commonly referred to as the "Railway Labor Act", and is instituted pursuant to § 3(p) of the act, 45 U.S.C.A. § 153 (p). Conductor W. T. Martin had been discharged by the defendant for alleged improper and offensive conduct toward a woman passenger. Pursuant to the contract between the defendant and the Order of Sleeping Car Conductors, hearings were had before various officials, all of which sustained the discharge. On December 9, 1938, on petition of the Order of Sleeping Car Conductors, a dispute growing out of the claimed grievance of Conductor Martin by reason of his discharge was presented to the National Railroad Adjustment Board, Third Division. A deadlock developed, and the National Mediation Board

selected Mr. Dozier A. DeVane to act as referee. After a hearing an award (No. 862) was entered, providing that the case should be remanded for a rehearing in accordance with the opinion rendered.

Thereafter hearings were again held before the various officials of the defendant, and the discharge of Conductor Martin was again sustained. A petition was filed with the National Railroad Adjustment Board, Third Division, and once more it was necessary for the National Mediation Board to appoint a referee. An award (No. 1482) was entered, which did not pass upon the truth or falsity of the charges against Conductor Martin, but determined that the defendant had had two opportunities to have the woman present with reference to whom Conductor Martin had been accused of making improper advances, and that Conductor Martin had been deprived of a fair hearing, and ordered him reinstated with back pay. The complaint alleges that the defendant has refused to comply with said order, and that Conductor Martin is entitled to $8,200 in back pay, plus reasonable attorney fees; and the prayer of the complaint is that the court make such order and enter such judgment by writ of mandamus, or otherwise as may be appropriate, in order to enforce the order and award of the Third Division of the National Railroad Adjustment Board.

It is the contention of the plaintiffs that this court should first determine whether the award of the Railroad Adjustment Board is correct and entitled to enforcement by this court on the ground on which the award was made, namely, that the discharged conductor was not afforded a fair and impartial hearing of his grievance; and that only in the event that the court should determine that question against the plaintiffs would there be any occasion to consider the original issue of the actual guilt or innocence of Conductor Martin. The defendant contends that there has never been a decision by the Adjustment Board upon the fundamental issue in the case, that is, whether Conductor Martin was guilty or innocent of the charges which caused his removal from the service; that it conducted the various hearings in the usual and customary manner; and that at said hearings it had no power to subpoena or require the attendance of the woman passenger.

■ Under Rule 46 of the agreement between the Order of Sleeping Car Con-

ductors and the defendant, Conductor Martin was entitled to a fair and impartial hearing. Rule 55 provides: "In the adjustment of all disputes between the Company and the conductors, conferences will be granted and disputes handled in accordance with the requirements of the Railway Labor Act." The Railway Labor Act provides, 45 U.S.C.A. § 153(i): " * * * disputes * * * growing out of grievances * * * shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; * * *."

It is my opinion that the trial to be held before this court will be a trial de novo. Sec. 3 of the Railway Labor Act, 45 U.S.C.A. § 153(p), provides: "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States * * * a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated * * *."

Sec. 16(2) of the Interstate Commerce Act, 49 U.S.C.A. § 16(2), contains almost word for word the same provisions as heretofore quoted. This section has many times been construed by the courts. See Meeker v. Lehigh Valley Railroad Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644, Ann.Cas. 1916B, 691.

■ At the pretrial conference, counsel for the plaintiffs suggested that it was discretionary with this court as to whether there should be a trial de novo. It is my opinion that there is no discretion; but if there were, I would exercise it in favor of having a trial de novo. Conductor Martin is entitled to have these serious charges against him determined in a court of law. The lady passenger will be subject to the subpoena of this court. With the presumption created by the act, it would seem to be essential that the defendant present the testimony of this lady. The statement was made by counsel for defendant at the pretrial conference that they would use every

endeavor to have her present at the trial and would have a subpoena issued.

The trial will afford the first opportunity for the attorneys for Conductor Martin to cross-examine the lady who entered the complaint, and it will likewise be the first opportunity when the defendant company could have compelled her attendance. It may, therefore, be understood that a trial de novo will be had.