### WESSON et al. v. CRAIN.
### No. 13603.

Circuit Court of Appeals, Eighth Circuit.
Jan. 16, 1948.

---

[1] 2 Cir., 122 F.2d 248, certiorari denied 314 U.S. 684, 62 S.Ct. 187, 86 L.Ed. 547.

of a business trust[1] can maintain an action in federal court to remove a trustee for misconduct, without making the other beneficiaries of the trust parties to the action.

The appellants were plaintiffs in the District Court. Their complaint alleged, in substance, that they are, respectively, citizens of Massachusetts and New York; that the defendant (appellee) is a resident [no doubt meaning citizen] of Arkansas; that plaintiffs each own a specified number of shares of beneficial interest in Lee Wilson & Company, a business trust having large agricultural and business interests in Arkansas; that plaintiffs' controversy with the defendant involves the requisite jurisdictional amount, that, by the terms of a Declaration of Trust executed February 24, 1937, the defendant and R. E. L. Wilson, Jr., were appointed trustees of Lee Wilson & Company; that they agreed to devote their entire time and energies to the management of the trust estate; that the defendant thereafter assumed exclusive management of the trust; that he has devoted a large portion of his time to his own business, to the detriment of the trust, and has committed various breaches of trust which are set forth in the complaint. In a subdivision of the complaint, the plaintiff Victoria Wilson Wesson asserts that the defendant, because of his personal hostility toward her, has called a demand note which she gave to the trust in 1941 for money borrowed by her from it; that the note is amply secured, but that the defendant threatens to foreclose upon the collateral given as security. The relief prayed for in the complaint is: (1) removal of the defendant as trustee, (2) an injunction against his taking any action toward collecting the indebtedness of Victoria Wilson Wesson or foreclosing on the collateral securing it, and (3) such other relief as the court may deem proper.

The defendant moved for a dismissal of the complaint on the grounds that other beneficiaries of the trust were indispensable parties plaintiff and had not been joined, and that the complaint failed to state a claim upon which relief could be granted. The motion to dismiss was submitted to the District Court upon the complaint and upon

W. H. Jewell, of Little Rock, Ark. (J. W. House and R. C. Butler, both of Little Rock, Ark., on the brief), for appellants.

C. E. Daggett, of Marianna, Ark. (Reid & Roy, of Blytheville, Ark., and Daggett & Daggett, of Marianna, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The vital question for decision on this appeal is whether two of the beneficiaries

[1] See 2 Bogert, Trusts and Trustees, § 291.

affidavits filed by the defendant. The facts which condition the plaintiffs' right to maintain the action are not in dispute. The plaintiffs are two of thirteen beneficiaries of the trust. Of the eleven who are not joined, five reside in Arkansas and six are nonresidents of that state. It is obvious that if all the beneficiaries of the trust must be joined as plaintiffs, the District Court will be without jurisdiction of the case, since diversity of citizenship will then vanish. Young v. Garrett, 8 Cir., 149 F.2d 223, 228, 229.

The District Court ruled, in effect, that the case involves an executory contract—the Declaration of Trust—to which all the beneficiaries were parties, and which created a trust relationship between them and the defendant as trustee; that to disturb this contractual relationship by removing the trustee would vitally affect the rights and interests of every beneficiary, and that therefore all beneficiaries are indispensable parties to the action. The District Court also ruled that the complaint stated no claim of Victoria Wilson Wesson upon which relief could be granted. The complaint was dismissed, and this appeal followed.

The history of the trust in suit, as disclosed by the affidavits submitted by the defendant, may be stated briefly as follows: R. E. Lee Wilson, the father of the plaintiffs, built for himself an agricultural and business empire in Mississippi County, Arkansas. In 1917 he created a trust estate out of his holdings, for the benefit of himself, his wife, and their three children. By the terms of the Declaration of Trust, which was amended in 1919, he, as trustee, retained complete control over the management and disposition of the trust properties. The beneficiaries, whose interests were evidenced by certificates or shares of beneficial interest, were given no voice in the management and no interest in the assets of the trust. Their only interest, prior to the eventual termination and liquidation of the trust estate, was in its distributable earnings or profits. The term of the trust was 21 years. R. E. Lee Wilson managed the estate under the Declaration of Trust until his death on September 27, 1933. J.

H. Crain, the defendant, had long been his trusted employee and assistant. Shortly after the death of Mr. Wilson, the beneficiaries, in accordance with the provisions of the trust instrument, elected the defendant and R. E. L. Wilson, Jr., trustees for the period ending February, 1935. The same trustees were elected yearly thereafter. At the meeting of the beneficiaries in February, 1937, they unanimously adopted a resolution extending the life of the trust for an additional period of 21 years. The extension was accomplished by having the trustees (the defendant and R. E. L. Wilson, Jr.) execute a new Declaration of Trust. The new Declaration was signed by all of the beneficiaries to evidence their entire approval of it. The authority of the trustees and the rights of the beneficiaries were substantially the same under the new Declaration as they had been under the old Declaration. There was no provision in either Declaration for the removal of a trustee.

The question whether all of the beneficiaries of the trust are indispensable parties to this action has been exhaustively briefed and argued by counsel, who have reached diametrically opposite conclusions. This is one of those troublesome procedural problems about which reasonable minds may honestly differ.

■ Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." This requirement is expressly made subject to subdivision (b) of the same Rule. Subdivision (b) permits a court to proceed with an action in the absence of persons who are not indispensable, but who ought to be joined if complete relief is to be accorded, when such persons are out of the reach of process or when their joinder would deprive the court of jurisdiction of the parties before it. Rule 19 made no change in existing law relative to compulsory or dispensable joinder. Young v. Garrett, 8 Cir., 149 F.2d 223, 228; Moore's Federal Practice, Vol. 2, page 2142.

■ We shall not attempt to add anything to the literature on the subject of the

classification of parties to an action. The subject is discussed at length in State of Washington v. United States, 9 Cir., 87 F.2d 421, 425-431; Moore's Federal Practice, Vol. 2 pages 2142-2162. See, also, Franz v. Buder, 8 Cir., 11 F.2d 854, 856-858. Parties who are so indispensable that a federal court will not proceed to final decision without them have usually been defined as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158; Niles-Bement-Pond Co. v. Iron Moulders Union Local No. 68, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145.

The conclusion of the District Court that all the beneficiaries of the trust in suit are indispensable parties, is not without support. In Vol. 3, Part 1, Bogert on Trusts and Trustees, § 522, the author says with respect to an action to remove a trustee: "The principal defendant to the action is, of course, the trustee whose removal is sought. But, if there are beneficiaries who do not join as plaintiffs, they should be made defendants. They must all be parties to the action in some capacity."

The cases cited in support of the text are all state cases. We note that in one of them, Barbour v. Weld, 201 Mass. 513, 87 N.E. 909, at page 912, the Supreme Court of Massachusetts said: "In dealing with the removal of the trustee it is not necessary that all the parties of the first part to the indenture of trust should act together. On the contrary, in our opinion one of several beneficiaries can have a trustee removed if he has so misconducted himself that he ought to be removed."

And in Moody v. Branson, 192 Okl. 327, 136 P.2d 925, 927, the Supreme Court of Oklahoma said: " * * * It is well established that the rule that all beneficiaries are proper parties to an accounting is for the protection of the trustee alone, to guard him from a multiplicity of suits, and that the requirement may be waived by him. Wyman v. Herard, 9 Okl. 35, 59 P. 1009;

26 R.C.L. 1389. It is likewise well established that in an action to appoint a successor trustee the beneficiaries are proper, but not indispensable, parties and that a judgment appointing a successor trustee may not be collaterally attacked because of the absence of part of the beneficiaries. 65 C.J. 599, 601; 3 Bogert, Trusts and Trustees, § 533, pp. 1700, 1701; Sanders et al. v. Hall, 10 Cir., 74 F.2d 399. We think the rule that all the beneficiaries are proper parties to an action to remove a trustee is likewise for the protection of the trustee, to avoid a multiplicity of removal suits."

 We agree with the Supreme Court of Massachusetts that one of several beneficiaries may have a trustee removed if he has so misconducted himself that he ought to be removed. We have no doubt that a trustee owes to each and to all of the beneficiaries of his trust the duty which the law imposes upon anyone who occupies such a position. See and compare Boyd v. Gill, C.C.S.D.N.Y., 19 F. 145, 146; Wall v. Thomas, C.C.S.D.N.Y., 41 F. 620, 621. If the plaintiffs, upon a trial, can prove that the defendant's conduct as trustee requires his removal, we think that the absence of the other beneficiaries as parties will be no insuperable obstacle to the entry of a decree removing him. No beneficiary has a right to have the affairs of a trust conducted unlawfully, and no beneficiary can complain of the removal of a trustee if it is demonstrated that he has, because of misconduct, become an unfit person to occupy that position.

All that the plaintiffs are seeking is an opportunity to demonstrate, by competent evidence, the truth of the allegations of their complaint. They ask for no relief as against anyone except the defendant. We think that they are entitled to a trial of their controversy with the defendant upon the merits. In Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 70, 71, 57 S.Ct. 51, 53, 81 L.Ed. 42, Mr. Justice Sutherland, speaking for the court, said:

"The rule is that if the merits of the cause may be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the court,

it will be done; and a court of equity will strain hard to reach that result. West v. Randall, Fed.Cas.No.17,424, 2 Mason 181, 196 (opinion by Mr. Justice Story); Cole Silver Mining Co. v. Virginia & G. H. W. Co., Fed.Cas.No.2,990, 1 Sawy. 685, 689 (opinion by Mr. Justice Field); Story's Equity Pleadings (8th Ed.), §§ 77, 96. And see Russell v. Clark's Executors, 7 Cranch 69, 98, 3 L.Ed. 271; Elmendorf v. Taylor, 10 Wheat, 152, 167, 168, 6 L.Ed. 289. Cf. Equity Rule 39 (28 U.S.C.A. § 723 [Appendix]).

"We refer to the rule established by these authorities because it illustrates the diligence with which courts of equity will seek a way to adjudicate the merits of a case in the absence of interested parties that cannot be brought in. While the rule as stated is intended for the benefit of a plaintiff whose bill sets forth a cause of action which he should, if possible, be given an opportunity to prove, the principle it embodies applies with equal, if not greater, reason to a case like this where the bill entirely fails to do so. * * *" See, also, Payne v. Hook, 74 U.S. 425, 431, 432, 19 L.Ed. 260; Sanders v. Hall, 10 Cir., 74 F. 2d 399, 404, 405.

■ That a judgment for the trustee in this case would not or might not protect him against similar actions by other beneficiaries of the trust is, we think, an inadequate reason for denying the plaintiffs their day in court. The strong probability that any beneficiary of this trust who brings a groundless action against either of the trustees will ultimately find himself charged upon the books of the trust with any expense of litigation to which the trustee is needlessly put, should be sufficient protection against any threat of a multiplicity of suits seeking the removal of the trustee.

We think there is no practical reason why the District Court cannot fully try and fairly determine the issues tendered by the plaintiffs' complaint and enter a decree which will do no injustice to anyone.

The question whether the allegations of the complaint with respect to the demand note of Victoria Wilson Wesson state a claim for relief or have any reasonable re-

lation to the other charges made against the defendant, can better be decided after the case has been tried.

The judgment appealed from is reversed, and the case is remanded with directions to reinstate the complaint and to try the case on the merits.