WARD v. NEW ORLEANS PUBLIC BELT
RAILROAD COMMISSION FOR CITY
OF NEW ORLEANS.

Civ. A. No. 2722.

United States District Court,
E. D. Louisiana. New Orleans Division.

May 21, 1951.

Bentley G. Byrnes, New Orleans, La., for plaintiff.

Michel Provosty, New Orleans, La., for defendant.

WRIGHT, District Judge.

### Findings of Fact

1. The plaintiff in this action, Mrs. Lois H. Ward, is an employee of the defendant, The Public Belt Railroad Commission for the City of New Orleans, and the employer-employee relationship thereby created is governed by the contract entered into between defendant and all that class of clerks and other office and station employees represented by Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, effective March 1, 1936, as amended by supplemental agreement dated September 16, 1940.

2. This agreement as written and as interpreted by the Brotherhood and the Public Belt by exchange of correspondence filed in this record provides, among other things, that when release of an employee of the Pub'ic Belt was made to the Army, Navy or other department of Government in order that such employee might undertake civilian employment with the Army, Navy or other department of the Government, that the request for such release of such employee shall be made on the stationery of the department making the request and by the officer of the Army, Navy or other department of Government who is the head of the department requesting the services of such employee.

3. When on July 8, 1942, Colonel V. J. Bedell, Colonel C. E., Operations and Training, New Orleans Port of Embarkation, made, on the stationery of the War Department, New Orleans Port of Embarkation, New Orleans, Louisiana, the request for a leave of absence for Mrs. Ward, he was the proper officer, under the provisions of the contract herein referred to, to make such request, and the leave of absence to Mrs. Ward was properly granted under the terms of said contract. Thereupon, Mrs. Ward became a regular wartime employee of the War Department.

4. Colonel Bedell was transferred from the New Orleans Port of Embarkation October 1, 1943. Whereupon Mrs. Ward, through the proper authorities of the War Department, sought unsuccessfully to be released from service with the War Department in order to return to her employment with the Public Belt.

5. Mrs. Ward was separated from her War Department employment through res-

ignation on February 15, 1945, and on February 17, 1945, Mrs. Ward requested that she be reinstated in her former position with the Public Belt.

6. By letter of March 3, 1945, the Public Belt refused to reinstate the plaintiff on the ground that she had been released by letter of Colonel Bedell from service with the War Department on October 1, 1943, and since she did not return to work with the Public Belt within the thirty day period provided in the supplemental agreement dated September 16, 1940 entered into between the Brotherhood and the Carrier, she was not eligible for reinstatement.

7. The letter of release by Colonel Bedell referred to by the Public Belt was a letter written by Colonel Bedell in his personal capacity and was not authorized by the War Department. Consequently, it did not have the effect of releasing Mrs. Ward from her employment with the War Department.

8. On receipt of the letter of March 3, 1945 from the Public Belt, Mrs. Ward, after conferences with the local representative of the Brotherhood in which she sought unsuccessfully to have the Brotherhood represent her before the Carrier in connection with its refusal of reinstatement, finally was successful in obtaining the assistance of the national representatives of the Brotherhood consisting of the System Committee who prosecuted her claim for her before the National Railway Adjustment Board.

9. The National Railway Adjustment Board found that the Carrier violated the letter agreement of September 16, 1940, by refusing to reinstate Mrs. Ward, and ordered that she be returned to service with seniority rights unimpaired and that she be paid at the scheduled rate of her position for each working day she has been withheld from service, except that the amount thereof should be less any amount earned in any other employment during the time in question.

## Conclusions of Law

█ 1. This Court has jurisdiction of this action by virtue of Title 45, Section 153, United States Code, Annotated.

█ 2. This action, being in the nature of an appeal from an award by the National Railway Adjustment Board, is tried "de novo" in the district court. See Order of Sleeping Car Conductors v. Pullman Co., D.C., 47 F.Supp. 599; Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 138 F.2d 121.

█ 3. This action is tried in the District Court in all respects as other civil suits, except that on the trial the findings and order of the division of the Adjustment Board is prima facie evidence of the facts therein stated. Title 45, Section 153, subd. 1 (p), U.S.C.A.

4. The contract entered into between the Public Belt and the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, effective March 1, 1936, as amended by the supplemental agreement dated September 16, 1940, covered all that class of clerks and other office and station employees employed by the Public Belt, including the plaintiff, Mrs. Ward.

█ 5. The Public Belt violated the letter agreement of September 16, 1940, entered into between the Brotherhood and the Carrier by refusing to reinstate the plaintiff after her resignation from the War Department.

█ 6. The plaintiff is entitled to reinstatement by the defendant with seniority rights unimpaired. She is further entitled to be paid at the scheduled rate of her position for each working day she has been withheld from service, except that the amount thereof should be less any amount earned in any other employment during the time in question.

Let a judgment be prepared in accord with these findings.