Eugene V. MEYERDING, Plaintiff,

v.

Julius L. VILLAUME as an individual and as Trustee of Various Trusts, Defendant.

Civ. No. 2949.

United States District Court
D. Minnesota, Third Division.

Feb. 2, 1957.

**152**

Pierce Butler and John L. Hannaford, St. Paul, Minn., for defendant, for the motion.

Roland J. Faricy and Richard A. Moore, St. Paul, Minn., for plaintiff, opposed.

DONOVAN, District Judge.

The motion by defendant to bring in additional parties plaintiff named in the moving papers, claiming them to be indispensable parties, presents for decision the vital question as to whether the life beneficiary and remaindermen of the several trusts involved are indispensable to the maintaining of the six causes of action based on six trusts, and praying a full accounting, removal of defendant as trustee and for other relief.

The complaint, with exhibits attached, alleges the trusts, life beneficiary and remaindermen. The motion has been timely made. No answer has been interposed. In lieu of support to the motion by affidavit, a stipulation descriptive of issue living and dead pertinent to the motion has been filed by counsel. Plaintiff, a citizen of the State of Oregon, is a remainderman. Defendant is the sole remaining trustee of the six inter vivos and testamentary trusts.

Resort to the complaint reveals the charge by plaintiff that the trustees, commingled, dissipated and improvidently dealt with trust assets, thereby in some instances enriching the trustees at the expense of the trusts. Without going into further detail, what has been said will suffice to determine the all-important question above stated.

The defendant trustee, the life beneficiary and several of the remaindermen, are citizens of Minnesota. Obviously, to add said beneficiary and remaindermen as parties plaintiff to the instant case would eliminate diversity of citizenship between plaintiff and defendant, and this Court, as a consequence, would be without jurisdiction.

The thorough briefs and earnest oral arguments of counsel in support of and opposing the motion indicate views ably arrived at and diametrically different. As stated by the Court during oral argument this troublesome procedural problem makes alluring the persuasive reasons advanced by movant for divesting of jurisdiction, while suggesting as a prime motive lack of finality in the proceeding as now constituted and the threat of multiple litigation.

The gate appears wide and the road smooth to exclusive state jurisdiction, but I must confess to an inherent dread of the easy way out by passing work on to our capable and busy state judiciary.

The dispensability or indispensability of the proposed additional plaintiffs is definitely a procedural problem.

At the outset it may be stated dogmatically that there is no prescribed formula for deciding the question of indispensability in all cases.[1]

■ If justice to the parties before the Court can be done without injury to absent persons, the motion should not be adopted as a means to the end of divesting the Court of jurisdiction.[2] Defendant has the burden of showing that the present alignment of the parties is inconsistent with equity and good conscience in the sense that absence may work injury. What is the applicable rule in this situation?

> "The rule is that if the merits of the cause may be determined without prejudice to the rights of necessary parties, absent and beyond the jurisdiction of the court, it will be done; and a court of equity will strain hard to reach that result. * * * We refer to the rule established by these authorities because it illustrates the diligence with which courts of equity will seek a way to adjudicate the merits of a case in the absence of interested parties that cannot be brought in." [3]

The intricate features of the instant case, such as the claimed improper distribution of principal, need cause no anxiety for the reason that the absent remaindermen would benefit by restoration of improper or mistaken payments.[4] The same reasoning applies to the alleged wrongful sale of stock by defendant. Relief granted in this respect would benefit the absent beneficiaries under the theory of suit. The Court can observe no clash of interest between plaintiff and the absentees under existing circumstances. The lack of standing of plaintiff to require restoration of income assuredly does not affect the question of indispensability of parties.

The parties that defendant seeks to add as plaintiffs would deprive this Court of jurisdiction by their joinder. This, in my opinion, goes beyond the contemplation of the applicable rule and tests.

■ In dealing with the removal of a trustee and cause for relief in connection therewith, one of the beneficiaries or remaindermen is sufficient to act as plaintiff in his own interest and in trust for the interested absentees. Our Court of Appeals approves the procedure adopted by plaintiff in the instant case in these words:

> "All that the * * * [plaintiff seeks] is an opportunity to demonstrate, by competent evidence, the truth of the allegations of [the] complaint. [He] *asks for no relief as against anyone except the defendant.* We think that [plaintiff is] entitled to a trial of [the] controversy with the defendant upon the merits.
>
> * * * * * *
>
> "That a judgment for the trustee in this case would not or might not protect him against similar actions by other beneficiaries of the trust is, we think, an inadequate reason for denying the [plaintiff his] day in court." [5] [Emphasis supplied.]

---

1. Niles-Bement-Pond Company v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145.

2. Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

3. Mr. Justice Sutherland in Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 70, 71, 57 S.Ct. 51, 53, 81 L.Ed. 42.

For same procedural practice see Wesson v. Crain, infra [165 F.2d 6].

4. Scott on Trusts, Vol. III, 2nd Ed., par. 254.2, pp. 2001, 2002.

5. Judge John B. Sanborn in Wesson v. Crain, 8 Cir., 165 F.2d 6, 8, 9, 10.

**154**

The authorities from appellate courts [6] cited and points emphasized by defendant's counsel have not been overlooked. Comparison to the instant case makes clear that the cited appellate court decisions are distinguishable.

For the foregoing reasons the motion is denied.

**SYAN HOLDING CORP.**

v.

**FIDELITY–PHILADELPHIA TRUST CO.**

Civ. A. No. 21065.

United States District Court
E. D. Pennsylvania.

Jan. 17, 1957.

6. Franz v. Buder, 8 Cir., 11 F.2d 854; Baird v. Peoples Bank & Trust Co. of Westfield, 3 Cir., 120 F.2d 1001, 136 A. L.R. 693.

Frank F. Truscott, Philadelphia, Pa., for plaintiff.

Arthur Littleton, of Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This matter arises on defendant's motion for a more definite statement under Fed.Rules Civ.Proc. rule 12(e), 28 U.S. C.[1]

The complaint of plaintiff alleges two separate agreements. The first was an oral agreement (confirmed by letter attached to the complaint dated 7/24/50) between plaintiff and the Philadelphia Acceptance Corporation (hereinafter called "PAC") for plaintiff to buy from PAC "all the collateral of the Sherwood Distilling Company of Westminster, Maryland, evidenced by United States Internal Warehouse Certificates, totalling some 19,000 barrels of whiskey, together with 980 shares of the stock of the Sherwood Distilling Company, for the sum of $1,000,000.00 * * * subject to inspection and verification of the whiskey," with a provision that such certificates be forwarded by defendant's messenger with a draft drawn on the plaintiff for one million dollars to plaintiff's bank allowing plaintiff the privilege of redrafting within five days (Par. 4 of complaint).

The second agreement was between plaintiff, PAC, and the defendant, Fidelity-Philadelphia Trust Co., in which the defendant agreed to act as intermediary and agent for the other two parties to the agreement and to forward the certificates and the draft to plaintiff's bank (Par. 5 of complaint).

Plaintiff avers that although on July 24, 1950, the draft and certificates were forwarded, on or about July 25, 1950, defendant recalled the certificates and the draft before plaintiff had the opportunity to "fully inspect" the certificates and to "verify" the whiskey evidenced by them, thereby breaching the second agreement and maliciously interfering

1. In view of the fourth paragraph of the letter from counsel for defendant dated 1/4/57, any ruling on the motion to dismiss will be reserved until the more definite complaint has been filed. See opinion of Judge Kraft dated 1/6/56 in Cook v. Kuljian Corporation, D.C., 137 F.Supp. 833; 2 Moore's Federal Practice (2nd Ed.) § 12.18(4), p. 2307. Defendant's attention is called to the fact that on a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, the court may only consider relevant material contained in affidavits, depositions or admissions. See F.R.Civ.P. 12(b) and 56 (c). In view of the narrow scope given to motions for summary judgment in this Circuit, cf. Levy v. Equitable Life Assurance Society of U. S., D.C.E.D.Pa.1955, 18 F.R.D. 164 and cases there cited, defendant should assemble in an affidavit executed in compliance with F.R.Civ.P. 56(e) any material of the type mentioned on pages 1 and 4 of its brief in support of its motion to dismiss if it wishes the court to consider this material after the amended complaint is filed.

with the first agreement, which damaged plaintiff in the amount of $1,400,000.

█ The determining test in the consideration of a motion for a more definite statement is whether the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." See Rule 12(e) and Faske v. Radbill, D.C.E.D.Pa.1946, 7 F.R.D. 234.

█ Though it is true that Section 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," it is impossible to ascertain precisely the rights of the parties involved and whether they are entitled to immediate relief by dismissal or otherwise without a more adequate statement of the terms of the second agreement.

Therefore, defendant's motion for a more definite statement is granted with respect to the terms of the second agreement. See Faske v. Radbill, supra, and Philadelphia Retail Jewelers Ass'n v. L. & C. Mayers Co., D.C.E.D.Pa.1941, 1 F.R.D. 606.[2]

█ Defendant is entitled to know the identity of the officer or officers or employee or employees of defendant who are alleged to have acted on its behalf in entering into the second agreement. See Goshen Veneer Co. v. G. & A. Aircraft, D.C.E.D.Pa.1944, 3 F.R.D. 344.

█ Although plaintiff has indicated on argument before the court that this agreement was oral, defendant is entitled to have such fact alleged in the complaint. See Goshen Veneer Co. v. G. & A. Aircraft, supra, at page 345.

█ It would appear from the terms alleged in the existing complaint that the occurrence of acceptance, or future ac-

ceptance, by plaintiff of the invoices forwarded with the draft is a condition precedent to plaintiff's recovery,[3] which must be alleged in accordance with F.R. Civ.P. 9(c).

Since the basis of the complaint is to be amplified as a result of this ruling, the court cannot rule definitely at this time whether or not a condition precedent is involved.[4] However, since the motion to dismiss will be considered on the basis of the amended complaint, any failure by plaintiff to comply with F.R. Civ.P. 9(c) will be at his risk.

#### Order

And now, January 17, 1957, it is ordered that plaintiff shall amend its complaint within thirty days from this date to make it more definite in accordance with the foregoing opinion.

**Charles KINGSLEY, Plaintiff,**

v.

**The DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.
Feb. 4, 1957.

---

2. See, also, Cook v. Kuljian Corporation, supra, and opinion of Judge Clary dated 11/18/56 in Refrigeration Discount Corp. v. Freiberg, D.C., 20 F.R.D. 178.

3. The condition precedent to recovery under the agreement alleged in paragraph

5 appears to be acceptance of the certificates, thereby consummating the agreement alleged in paragraph 4.

4. Cf. Sections 250, 280, 281 and 306 of the Restatement of Contracts.

Bromsen & Gammerman, New York City, Daniel Galinson, New York City, of counsel, for plaintiff.

John F. Reilly, Washington, D. C., for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

In this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., plaintiff, a porter on a railroad buffet car sues defendant Railroad for personal injuries suffered in the course of his employment through defendant's alleged negligence.

Defendant moves, pursuant to Rule 34, Fed.Rules Civ.Proc., 28 U.S.C., for an order directing plaintiff to produce for inspection and copying copies of his Federal income tax returns for the years

immediately preceding the accident and for the year in which the accident occurred. If copies are not in plaintiff's possession defendant seeks a direction that plaintiff secure and produce certified copies for such purposes at defendant's expense.

Plaintiff opposes the motion on the ground that a litigant's income tax returns are privileged documents and not subject to production under Rule 34.

One of the elements of damage which plaintiff seeks to recover is past and prospective loss of earnings resulting from his injuries. Plainly some substantial portion of the income of a buffet car porter consists of gratuities received over and above the wages paid him by the defendant. Data concerning this additional income can only be obtained by defendant from plaintiff's own records, if any, and statements of income made in plaintiff's tax returns. Such documents are relevant to the issues in the litigation and are subject to discovery under Rule 34 unless privileged. The question is whether under these circumstances plaintiff's returns are privileged.

■ The authorities on this question are divided.[1] The better reasoned view seems to be that where a litigant himself tenders an issue as to the amount of his income, there is no privilege against the disclosure of his tax returns and he can be directed to obtain them from the Government if he does not himself have copies.

The Internal Revenue Code of 1954, § 6103, 26 U.S.C., like the Code of 1939, former § 55, 26 U.S.C., protects taxpayers against public disclosure of the contents of tax returns. This policy is underscored by the penal provisions of the Code which make it unlawful for any Federal or State officer or employee to divulge such matter "in any manner whatever not provided by law". 26 U.S.C. § 7213. The Regulations, § 458.-

52, provide that the return of a living individual shall be open to inspection "by the person who made the return or by his duly constituted attorney in fact". The only other persons entitled to the inspection of the return in the hands of the Government are the various governmental agencies having a legitimate interest in the subject matter as provided in Section 6103 of the Code.

■ These provisions, plaintiff contends, give him an absolute privilege against discovery of his returns in this lawsuit. I do not find such privilege conferred by either the statutes or the regulations under the circumstances presented here.

■ The purpose of the statute is to prevent the disclosure of confidential information to those who do not have a legitimate interest in it. But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his returns is confidential. If the returns were in his own possession he could be compelled to produce them, and there is no good reason why he should not obtain copies from the Government at defendant's expense or permit the defendant to do so.

■ As the District Court of Massachusetts said in Tollefsen v. Phillips, 16 F.R.D. 348, at page 349, in passing on the precise issue presented here:

"* * * The plaintiff asserts that federal tax returns are not reachable by court order because 26 U.S.C.A. § 55 forbids their exhibition to anyone except certain designated persons without presidential order. It is true that if the government should determine that its interests in obtaining the fullest disclosure of pertinent information by taxpayers would be furthered by preventing the use of copies of re-

1, See Baim & Blank, Inc., v. Bruno-New York, Inc., D.C.S.D.N.Y., 17 F.R.D. 346, 348, Note 1.

turns in court, it could so provide. Cf. United States v. Dickey, 268 U.S. 378, 45 S.Ct. 558, 69 L.Ed. 1006. I do not, however, so read the statute. The purpose of § 55 appears to be to prevent wholesale revelation of confidential information to persons not determined to have a legitimate interest therein. The plaintiff, having made his earnings an issue, can scarcely say that they are confidential information in this case.

