The ORDER OF RAILROAD TELEGRA-
PHERS, St. Louis, Missouri, Plaintiff,

v.

UNION PACIFIC RAILROAD COM-
PANY, Omaha, Nebraska,
Defendant.

Civ. A. No. 8107.

United States District Court
D. Colorado.

July 15, 1964.

As Amended July 27, 1964.

Philip Hornbein, Jr., Denver, Colo., and Lester P. Schoene, Washington, D. C., for plaintiff.

Knowles & Knowles, E. G. Knowles, Clayton D. Knowles, and James F. Culver, Denver, Colo., H. Lustgarten, Jr., and James A. Wilcox, Omaha, Neb., for defendant.

CHILSON, District Judge.

This is an action to enforce an award of the National Railroad Adjustment Board.

The matter is before the Court upon a motion to dismiss, based on three grounds:

1. That the plaintiff is not a proper party to bring this action;

2. That the portion of the action seeking an accounting fails to state a claim upon which relief can be granted;

3. That the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees and certain clerical employees of the defendant are indispensable parties.

The Court has considered the briefs filed in support of and in opposition to the motion and has heard oral argument and is now duly advised.

The Court concludes that the first two grounds of the motion to dismiss should be denied.

It is therefore ordered that the motion to dismiss the complaint on the ground that the plaintiff is not a proper party to bring the action and to dismiss that portion of the action seeking an accounting be and the same is hereby denied.

As to the third ground of the motion, the Court is of the opinion that the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees is an indispensable party to this proceeding.

The reasons for this conclusion are hereinafter set forth.

On July 14, 1961, the Adjustment Board entered its Award No. 9988.

The award discloses that the plaintiff filed a claim with the Adjustment Board in which it contended that:

"(a) The Carrier has violated and continues to violate the agreement between the parties signatory thereto, when it requires or permits employes not covered by said agreement to 'handle' train orders at West End Yard Office, Las Vegas, Nevada, and

"(b) that the Carrier has violated and continues to violate the agreement when it requires or permits other than those covered by said agreement to operate printing and/or mechanical telegraph machines used in the transmission or reception of messages and reports of record, and/or to perforate tape or cards as a function in the transmission or reception of messages and reports of record at the West End Yard Office, Las Vegas, Nevada, and

"(c) that for such violations the Carrier shall compensate the senior idle employe or employes covered by the Telegraphers' Agreement for the equivalent of a day's pay for each 8-hour shift, both day and night, since August 25, 1952, the date on which the new yard office at Las Vegas was placed in service, at the telegraphers' rate applicable to that particular location."

The controversy before the Board so far as pertinent here involved the question of whether the operation of certain electro-mechanical devices in the yard office of the carrier at Las Vegas, Nevada should be operated by telegraphers. Upon the installation of these devices, the operation of certain of these electro-mechanical devices was assigned by the defendant to clerical employees who are members of the Brotherhood of Railway Clerks. Plaintiff in its claim submitted to the Adjustment Board contends that this work should have been assigned to telegraphers, and that the failure to do so was a violation of the collective bargaining agreement entered into between the plaintiff and the defendant. The plaintiff also sought compensation for the telegraphers who were idled by this alleged violation.

In accordance with Title 45, United States Code, Section 153 first (j), which provides:

"Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them",

the Board notified the president of the Brotherhood of Railway Clerks and the general chairman, Mr. Stanley B. Eoff, of the pendency of the controversy, the date of the hearing, and stated, "You will have the right to appear and file papers and any documents you desire in answer thereto, * * *". (See Exhibit A attached to defendant's reply memorandum).

The president of the Brotherhood of Railway Clerks took the position that this was solely a dispute between the defendant on the one hand and the plaintiff on the other, involving the interpretation of the agreement between them, and that the Clerks were not involved in the dispute as their rights are predicated upon a separate agreement between the Clerks' Brotherhood and the carrier. (See Exhibit B attached to the defendant's reply memorandum).

Standing upon this position the Clerks did not participate in the proceedings leading to the award here in question.

The Board found " * * * that the Carrier has violated the Telegraphers'

Agreement when it permitted its clerical force to operate the two teletype receiving printers and the one teletype transmitter at its West End Yard Office", and awarded compensation to the idle employees covered by the Telegraphers' Agreement.

The plaintiff brings this action to enforce the award. The Clerks' Brotherhood had not been made a party to the action and the defendant, by its motion to dismiss, raises the question of the indispensability of the Clerks as parties.

The basic question here involved is whether or not the Clerks have such an interest in this litigation as to be indispensable parties thereto.

The plaintiff's position may be best illustrated by that taken by the Clerks' Brotherhood in its letter to the Adjustment Board, (Exhibit B attached to plaintiff's reply memorandum), which is that the present controversy is one involving solely the interpretation or application of an agreement between the plaintiff and defendant in which the Clerks have no interest.

The defendant on the other hand contends that inasmuch as the award in its ultimate effect gives to Telegraphers jobs now held by the Clerks, that the Clerks have such an interest in the litigation that they are indispensable parties.

Thus is posed the question of whether or not under the Railway Labor Act, two groups of employees competing for the same jobs under separate contracts with the same carrier shall be required to litigate their conflicting claims in the same proceeding, or should they be permitted to proceed in separate proceedings to have their rights under their respective agreements adjudicated separately.

Prior to case law to the contrary, the Adjustment Board refused to bring competing groups before it in one proceeding, acting on the assumption that the Board had no authority under the Act to consider two agreements simultaneously, each in the light of the other. See Missouri-Kansas-Texas R. Co. et al. v. Brotherhood of Railway and S.S. Clerks, (Seventh Cir.) 188 F.2d 302 at 305.

However, the case law is in substantial agreement that not only does the Board have such authority but a failure to exercise it by giving competing employees notice and an opportunity to be heard leaves the Board with no authority to enter an award. Brotherhood of Railroad Trainmen v. Templeton, (Eighth Cir.) 181 F.2d 527; Hunter v. Atchison, Topeka and Santa Fe Railway, (Seventh Cir.) 171 F.2d 594; Missouri-Kansas-Texas Railway Co. v. Brotherhood of Railway and S.S. Clerks, (Seventh Cir.) 188 F.2d 302; Allain v. Tummon, (Seventh Cir.) 212 F.2d 32; Order of Railroad Telegraphers v. New Orleans, Texas and Mexico Railway Co., (Eighth Cir.) 229 F.2d 59.

The reasoning for this conclusion is well illustrated in the decision by the Seventh Circuit in Missouri-Kansas-Texas Railway Co. et al. v. Brotherhood of Railway & S.S. Clerks, supra, where the Court stated 188 F.2d at page 306:

"We can think of no employee having a more vital interest in a dispute than one whose job is sought by another employee or group of employees.

"Obviously it is desirable to settle controversies such as these involving so-called 'overlapping contracts' on the basis of the existing contracts wherever possible instead of compelling resort to the machinery provided by § 6 for changing agreements. Of course this may not always be possible, but it is certainly much more likely to result if both parties to the dispute are brought before the Board with their respective agreements and each is considered in the light of the other, together with the usage, practice and customs of the industry, or of the particular carrier."

In the instant case the Board apparently recognized the effect of the case law above and made the Clerks parties to the proceeding. The question now presented to this Court is whether or not the Clerks are indispensable parties to this action to enforce the Board's award.

· The Court concludes that they are.

■ Although 45 United States Code, Section 153 first (p) provides that in an action to enforce an award, the findings and order of the Board "shall be prima facie evidence of the facts therein stated", nevertheless such an action is a trial de novo. Callan v. Great Northern Railway Co., (Ninth Cir.) 299 F.2d 908; Boos v. Railway Express Agency, Inc., (Eighth Cir.) 253 F.2d 896; Ward v. New Orleans Public Belt Railroad Commission, D.C., 97 F.Supp. 1002; Shipley v. Pittsburgh and L. E. R. Co., D.C., 83 F.Supp. 722; Order of Sleeping Car Conductors v. Pullman Co., D.C., 47 F. Supp. 599.

■ It would appear that the reasoning requiring the Clerks to be parties to the proceeding before the Board is also applicable to the action to enforce the Board's award. If the Clerks are indispensable to a determination of the issues before the Board, then certainly they are indispensable to a determination of the same issues in a trial de novo before the court.

It was so held by the Eighth Circuit in Order of Railroad Telegraphers v. New Orleans, Texas and Mexico Railway Co., 229 F.2d 59 (supra). That action also involved a job dispute. In 1943 the Clerks obtained Award 2254 from the Adjustment Board finding that the carrier was violating its agreement with the Clerks in not assigning certain work at Anchorage, Louisiana to the Clerks. In 1950 the Adjustment Board, in a proceeding brought by the Telegraphers, awarded the same work to the Telegraphers by Award 4734.

The Telegraphers were not a party to the 1943 proceeding and the Clerks were not a party to the 1950 proceeding.

The Telegraphers brought suit in the United States District Court to enforce Award 4734. The District Court held the award void because the Clerks were not made parties to the proceeding before the Board and dismissed the action.

The Eighth Circuit affirmed the dismissal by the District Court but did not confine its reasons therefor to those given by the District Court.

The Eighth Circuit opinion states:

"The subsection (p) under which this action was brought provides 'Such suit in the District Court * * shall proceed in all respects as other civil suits * * * ' (with certain exceptions not here relevant.) It is well settled that a Federal Court will not proceed to final decision of a controversy brought before it without the presence of all 'who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.' Shields v. Barrow, 17 How. 129, 58 U.S. 129, loc. cit. 139, 15 L.Ed. 158; Wesson v. Crain, 8 Cir., 165 F.2d 6, loc. cit. 9, and cases cited. Rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. has not modified the requirement as to indispensable parties. Wesson v. Crain, supra, and the undisputed facts in this case demonstrate that the Clerks are indispensable parties without whose presence justice cannot be done."

In its opinion the Eighth Circuit took cognizance of Whitehouse v. Illinois Central Railroad Co., 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155. The Court in Whitehouse recognized and discussed the question of parties to such controversies, and some of the statements in Whitehouse appear to be contrary to the substantial agreement among the courts of appeal which hold that employees who compete for the jobs in controversy are indispensable parties to the proceedings before the Adjustment Board. But as the Eighth Circuit pointed out, the Supreme Court declined to adjudicate the questions which it discussed and found noth-

ing in the Whitehouse case which controlled.

The Supreme Court refused to review the Eighth Circuit decision. (Certiorari denied 350 U.S. 997, 76 S.Ct. 548, 100 L.Ed. 861).

This Court concurs in the Eighth Circuit's analysis of Whitehouse and believes the reasoning sound which led that Court to its conclusion that the Clerks were indispensable parties to the action to enforce the award.

Therefore, the Court finds that the Clerks are parties indispensably necessary to a full and final adjudication of this action and that due to the failure to make their bargaining agent, namely, the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, a party to this action, the motion to dismiss on the ground of failure to join indispensable parties should be granted.

It is therefore ordered that the motion to dismiss the complaint on the grounds that the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees is an indispensable party to this action be and the same is hereby granted and the complaint is dismissed.

It is further ordered that the plaintiff shall have 30 days from this date within which to file an amended complaint making the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees a party defendant to this action and to cause process to be served upon said party.

It is further ordered that if the plaintiff fails to file an amended complaint making the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees a party defendant and to cause process to be served upon said Brotherhood within the time allotted, this Court will, upon ex parte application of the defendant, order the entry of final judgment of dismissal of this action.