**DARRYL SHON for Himself and on Behalf of
the SHON Family, Plaintiff**

**v.**

**MOLLERUP MOVING & STORAGE CO.,
and JOHN DOE, UNITED VAN LINES,
CORPORATE WORLD INTERNATIONAL,
BLUE STAR LINE LTD., SAMOA SOFRANA SHIPPING INC.,
PORT ADMINISTRATION and JOHN DOES 1 to 10,
and AMERICAN SAMOA GOVERNMENT, Defendants**

High Court of American Samoa
Trial Division

CA No. 74-91

May 21, 1993

Before KRUSE, Chief Justice, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
 For Defendants Blue Star Line and Samoa Sofrana Shipping,
 Roy J.D. Hall, Jr.

On Motion to Dismiss or for Summary Judgment:

 Defendants Blue Star Line, Ltd., and Samoa Sofrana Shipping Line, Inc., (hereinafter "movants") have moved for dismissal under T.C.R.C.P. 12(b)(7) for non-joinder of "indispensable parties" in accordance with T.C.R.C.P. 19. Movants argue that plaintiff has failed to perfect service on the defendant United Van Lines and has failed to serve both Mollerup Moving & Storage Co. and Corporate World International; that all three are indispensable to the dispute; and that such failure on the part of plaintiff is tantamount to non-joinder. Alternatively, movants seek summary judgment.[1]

 For the reasons given, we deny the motion. First, it is not entirely clear to us that what we have here is a problem with non-joinder but rather a situation in which plaintiff simply has not gotten around to serving these other defendants. There is a difference between necessary parties who *cannot* be served process and those who may be subject to process but simply *have not* been served at all. The record before us does not suggest that service of process on the other defendants is not

---

 [1] Movants are not entitled to summary judgment under T.C.R.C.P. 12(b)(7)); dismissal of the complaint (if supported) is the appropriate method of disposing of a case for failure to join an indispensable party. *Ricci v. State Bd. of Law Examiners*, 569 F.2d 782, 784 (3d Cir. 1978). The rationale is that summary judgment under Rule 56 is a judgment on the merits and bars the cause of action, whereas an order of dismissal only "abates" the claim and is without prejudice to the institution of a later action. *Martucci v. Mayer*, 210 F.2d 259, 260 (3d Cir. 1954).

feasible.[2] On the other hand, plaintiff's motion seems to be premised on an assumption of infeasibility, coupled with reliance on the contention that a plaintiff must disprove the indispensability of the unserved party. However, the burden is on the moving party to show that these other defendants are indispensable to the dispute.[3]

The motion is denied.[4]

It is so ordered.

---

[2] Under Rule 19(a), the court determines whether or not it is feasible to join a person as a party. *Lomayaktewa v. Hathaway*, 520 F. Supp. 1324, 1326 (9th Cir. 1975); *see Nofziger Communications, Inc. v. Birks*, 757 F. Supp. 80, 85 (D.D.C. 1991) (Rule 19 motion denied; defendant failed to discuss the feasibility of joinder).

[3] The moving party bears the burden of showing that the absent party would be prejudiced by proceeding with the action. *Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981) (citing *Meyerding v. Villaume*, 20 F.R.D. 151 (D. Minn. 1957); 5 C. Wright & A. Miller, Fed. Pract. & Proc. § 1359 (1969)); *Nevada Eighty-Eight, Inc. v. Title Insurance Co. of Minn.*, 753 F. Supp. 1516, 1522 (D. Nev. 1990) ("the burden of proving that joinder is necessary rests with the party asserting it") (citing *Sierra Club v. Watt*, 608 F. Supp. 305, 319-21 (E.D. Cal. 1985)); *Federal Deposit Ins. Corp. v. Beall*, 677 F. Supp. 279, 283 (M.D. Penn. 1987) ("The party raising the defense of failure to join an indispensable party has the burden to show that the person who is not joined is needed for a just adjudication.").

[4] Even if a person is a party who should be "joined if feasible" under Rule 19(a), the court must use Rule 19(b)'s criteria to determine whether to dismiss the lawsuit or proceed without that party. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 108-11 (1968); *see Temple v. Synthes Corp.*, 498 U.S. 5 (1990) (per curiam) (tortfeasors having normal joint-and-several liability are not "indispensable" parties under Rule 19(b)).